983 F.2d 298
 299 U.S.App.D.C. 273
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
FORT MOJAVE INDIAN TRIBE, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Citizens Utilities Company, Intervenor.
INDIAN CELLULAR TELEPHONE COMPANY/NY # 4, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Trumansburg Home Telephone Company and Port Byron Cellular,
Inc., Intervenor.
 Nos. 91-1609, 91-1638.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1992.
 
 Before HARRY T. EDWARDS, BUCKLEY and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These cases were considered on the record from the Federal Communications Commission and on the briefs and oral arguments presented for the parties. After full review of the issues presented, the court concludes that appropriate disposition of the appeals does not warrant an opinion. See D.C.Cir. Rule 14(c).
 
 
 2
 We find that the Commission did not act arbitrarily or capriciously in dismissing the Fort Mojave Tribe's application for a wireline cellular phone system on Cellular System B. We hold further that the Commission did not abuse its discretion in denying the Fort Mojave Tribe and Indian Cellular Telephone Company their requests for waivers of the eligibility requirements for Cellular System B.
 
 
 3
 The Commission's rules require that applicants for Cellular System B be "common carriers engaged directly or indirectly in the business of affording public landline message telephone service...." See 47 C.F.R. § 22.902(b) (1991). The rules define wireline common carriers as those "which are in the business of providing landline local exchange service." 47 C.F.R. § 22.2 (1991). It has been clear since the inception of the cellular application process that the Block B frequencies have been set aside for applicants who are engaged in providing landline local exchange service. See Cellular Communications Systems, 86 F.C.C.2d 469, 482-87 (1981); Cellular Communications Systems, Reconsideration, 89 F.C.C.2d 58, 66-70 (1982). The Commission thus has articulated two eligibility requirements for Cellular System B applicants: First, the applicant must actually be providing landline local exchange service; and second, the applicant must be authorized to provide such service within some portion of the Service Area applied for. See 47 C.F.R. § 22.902(b) (1991). The Fort Mojave Tribe admits that it was not actually providing landline local exchange service at the time it applied. Therefore, the Tribe did not meet the Commission's eligibility requirements for Cellular System B, and the Commission did not act arbitrarily or capriciously in dismissing its application.
 
 
 4
 We note as well that "the judiciary may disturb a Commission refusal to waive its rules only in the event of an abuse of discretion." Orange Park Florida T.V., Inc. v. FCC, 811 F.2d 664, 669 (D.C.Cir.1987). Under this "generous standard," Id., and for substantially the reasons articulated by the Commission in its decisions, In re Fort Mojave Indian Tribe, 6 F.C.C.R. 6852, 6853-54 (1991), and In re Indian Cellular Telephone Co., 6 F.C.C.R. 6856, 6858 (1991), we find that the Commission did not abuse its discretion in denying the waiver requests of the Fort Mojave Tribe and Indian Cellular. It is
 
 
 5
 ORDERED and ADJUDGED by the court that the decisions of the Federal Communications Commission in these cases be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.